Minute Order Form (06/97)

JS6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5222 | **DATE** | 4/24/2001 |
| **CASE TITLE** | Wayne B. Franke vs. Heartland Express, Inc. of Iowa, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Plaintiff's motion to remand [3-1] is granted. This case is hereby remanded to the Circuit Court of Cook County.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 2 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RJ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WAYNE B. FRANKE, | ) |
| Plaintiff, | ) Case No. 00 C 5222 |
| v. | ) |
| HEARTLAND EXPRESS, INC. OF IOWA, et al., | ) Judge Joan B. Gottschall |
| Defendants. | ) |

DOCKETED APR 27 2001

## MEMORANDUM OPINION AND ORDER

### Background

Plaintiff Wayne B. Franke filed a personal injury action in the Circuit Court of Cook County, Illinois, against Heartland Express, Inc. of Iowa, Heartland Express, Inc., n/k/a or d/b/a Belgian Team, Inc., Eric Eastep, and Warren Skinner. A Notice of Removal was filed with this court on August 24, 2000. The Notice of Removal purported to be filed in the name of defendant Eastep, and was signed by attorney James D. Ellman. There is some confusion about which defendants are represented by which attorneys, and this confusion goes to the adequacy of the Notice of Removal. An appearance was filed by attorneys James D. Ellman and Donald W. Devitt on September 22, 2000, but that appearance does not indicate which parties they represent. An appearance filed by attorney Steven J. Seidman indicates that he represents defendant Heartland Express, Inc., n/k/a or d/b/a Belgian Team, Inc. ("Belgian Team").

Defendant Eastep sought removal on the basis of diversity of citizenship. Eastep's Notice of Removal was filed unilaterally, and there is no indication that any of the other defendants have joined the Notice of Removal or have otherwise consented to removal to federal court. Defendant Belgian Team, through its attorney Steven J. Seidman, filed an objection to removal.



Eastep's Notice of Removal alleged the following relevant facts:

1) Plaintiff was an Illinois citizen at the commencement of this action, and has since become a citizen of the State of Florida.

2) Defendant Heartland Express, Inc. of Iowa was and is a Nevada corporation with its principal place of business in Iowa.

3) Defendant Eric Eastep was and is a Kentucky citizen.

4) Defendant Warren Smith, improperly named by the complaint as Warren Skinner, was an Indiana resident,[1] and has been deceased since December, 1996.

5) Defendant Heartland Express, Inc. is an improper party to the lawsuit and has no relation to the accident which forms the basis of this lawsuit.

6) Belgian Team[2] was not named as a defendant in the original lawsuit or in an amended complaint, and the statute of limitations has expired on any claim against Belgian Team, since the accident occurred on May 23, 1994.

Belgian Team, through its attorney Steven J. Seidman, filed an objection to removal. Plaintiff also objected to removal and filed a motion to remand. For the reasons set forth below, this action is remanded to the Circuit Court of Cook County.

**Analysis**

---

[1] It should be noted here that citizenship, as distinguished from residency, is the determinative factor when considering diversity jurisdiction.

[2] The parties' submissions to this court do not clarify what, if any, relationship exists between Heartland Express, Inc. and Belgian Team, Inc. Nor do the parties explain in any detail any difference in the way these two entities were treated in the state court pleadings. Thus, the apparent distinction between the two in Eastep's Notice of Removal is inexplicable and is not maintained throughout Eastep's later submissions.

2

In order to remove a case from state court to federal court, all defendants must either join in the petition for removal or otherwise consent to removal. *See* 28 U.S.C. § 1446(b); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993). If not all defendants have consented, the defendant seeking removal must explain the absence of the co-defendants, and the failure to set out such an explanation renders the petition facially defective. *See Shaw*, 994 F.2d at 368 (citing *Northern Illinois Gas v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir. 1982)). A removing defendant may explain such absence of consent by showing that the co-defendant was not served, that the co-defendant was fraudulently joined, or that the co-defendant is a nominal party. *See Thomas v. Klinkhamer*, No. 00 C 2654, 2000 WL 967984, at *3 (N.D. Ill. Jul. 10, 2000); *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *7 (N.D. Ill. Aug. 27, 1990). Where a defendant asserts that a co-defendant was fraudulently joined, then that defendant bears a "heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the [co-]defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). This inquiry is made without respect to the plaintiff's actual motive in joining the defendant. *See id.* at 73. Similarly, the burden of alleging and proving that a co-defendant is a nominal party rests with the removing party. *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815-16 (5th Cir. 1993); *M.D.C. Wallcoverings v. State Bank of Woodstock*, No. 90 C 20089, 1990 WL 304189, at *3 (N.D. Ill. Sep. 10, 1990). Closely related to the fraudulent joinder inquiry, the determination of whether a party is nominal turns on whether there is any basis for predicting that the party could be held liable. *Shaw*, 994 F.2d at 369.

The Notice of Removal in this case is facially defective. The Notice indicated that it was brought by Eric Eastep and was signed by attorney James D. Ellman. Nowhere does the Notice

indicate that any other defendants joined in it. Nor has any other defendant filed a separate consent to removal. Although the Notice arguably provides explanations for the absence of defendants Warren Skinner and Belgian Team, there is no explanation for the absence of defendant Heartland Express of Iowa, an entity distinct from the Belgian Team entity. Because the appearance filed by James D. Ellman was defective, in that it does not indicate which parties he represents, the court can only assume that the Notice was filed on behalf of defendant Eastep alone. As it stands, the court sees nothing to indicate that defendant Heartland Express, Inc. of Iowa has joined in Eastep's efforts to remove. Because the burden is on defendant to explain the absence of consent, the court finds that the Notice of Removal is defective, and remands the action to state court. *See Northern Illinois*, 676 F.2d at 273.

Aside from the absence of Heartland Express of Iowa, the court finds a second, independent basis for remanding this case. Defendant Belgian Team objected to removal, yet Eastep has not carried the "heavy burden" of showing that Belgian Team was fraudulently joined or is a nominal party. Eastep's primary explanation for the absence of Belgian Team is that Belgian Team was fraudulently joined because any claims against Belgian Team are barred by the statute of limitations. Eastep, however, provides the court with very little information with which to conduct even an initial review of this contention. The state court record submitted to this court contains only a Complaint at Law filed with the Circuit Court of Cook County on July 13, 2000. That complaint names as defendants both Heartland Express, Inc. of Iowa and Heartland Express, Inc. n/k/a or d/b/a Belgian Team, Inc., along with Eastep and Skinner. The complaint also indicates that it is a refiling of a previously dismissed complaint, but no earlier pleadings have been provided to this court. Although Eastep states that the date of the accident was May 23, 1994, there is no indication of the date when Belgian Team was first joined as a

4

defendant. Moreover, Eastep does not cite the applicable statute of limitations, or even indicate how long the limitations period is. In short, Eastep has not carried his burden of establishing that claims against Belgian Team are time-barred. The plaintiff has also raised the possibility that the statute of limitations would be tolled because of a legal disability, although he has not provided any further elaboration on this possibility. The court is also concerned about the possibility that plaintiff would be able to maintain claims against Belgian Team under the relation back doctrine. The court simply does not have enough information to make even an initial determination about whether the claims against Belgian Team are time-barred. Thus, the court is unwilling to find that Belgian Team was fraudulently joined. Because Belgian Team objected to removal, remand is appropriate.

Finally, Eastep argues, without any elaboration, that Belgian Team is a nominal defendant. A nominal defendant is one who does not have any real interest in the litigation, or one against whom there is no reasonable basis for predicting liability. *See Shaw*, 994 F.2d at 369; *Selfix, Inc. v. Bisk*, 867 F. Supp. 1333, 1335 (N.D. Ill. 1994). The complaint, on its face, does not indicate that Belgian Team is being charged as a defendant only in a nominal, possessory role. Rather, the complaint asserts that Eastep is an employee and agent of both Heartland Express of Iowa and Belgian Team.[3] On the record at this point, it is impossible for the court to ascertain the relationship between the Heartland Express of Iowa and Belgian Team, or to distinguish their roles in the alleged accident. As with the statute of limitations inquiry, Eastep has not carried his burden of establishing that Belgian Team is a nominal party.

---

[3] The state court complaint treats Heartland Express of Iowa and Belgian Team as if they were one entity, except that they are named as separate defendants. Eastep appears to claim that this treatment amounted to an admission that they are one and the same. The pleadings, however, have consistently named the two as separate defendants. Again, the court does not have enough information to determine the nature of the relationship between the two.

5

For the foregoing reasons, plaintiff's motion to remand is granted. This case is hereby remanded to the Circuit Court of Cook County.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: April 24, 2001

6